## RAYL *v.* URMSTON GRAIN COMPANY.

[No. 10,715. Filed March 9, 1921.]

APPEAL.—*Briefs.—Questions Presented.—Rules of Court.*—The court on appeal is unable to determine what issue is presented by a set-off, where there was no statement in appellant's brief as to its contents, as the brief fails to comply with Rule 22 clause 5 of the Supreme and Appellate Courts, requiring that appellant's brief shall contain a concise statement of so much of the record as fully presents every error and exception relied on.

From Howard Circuit Court; *William C. Overton,* Judge.

Action by the Urmston Grain Company against William H. Rayl. From the judgment rendered, the defendant appeals. *Affirmed.*

*Blackledge, Jessup & Gwartney,* for appellant.
*Jump & Marshall* and *F. R. Morrison,* for appellee.

NICHOLS, J.—Action by appellee against appellant in one paragraph upon an open account in the sum of $220.69, and upon a second paragraph on a promissory note in the sum of $44, with interest. There was an answer in general denial, payment and set-off, with replies in denial to the second and third paragraphs of answer.

Though substantially all of the evidence concerns the question of set-off, there was no statement in appellant's brief as to its contents, and we are therefore unable to determine what issue it presents.

The fifth clause of Rule 22 of the Supreme and Appellate Courts expressly provides that the brief of appellant shall contain a concise statement of so much of the record as fully presents every error and exception relied on. That this is imperative. has been so many times decided that we do not need to cite authorities. The fifth clause of Rule 22 also expressly requires that following the statement of the record there should be, under a separate heading, separately numbered propositions or points stated concisely and without argument or elaboration, together with the authorities relied on to support them. Nothing of this kind is found in appellant's brief. It does not appear by the brief that any time was fixed within which a bill of exceptions containing the evidence should be filed, or that such bill of exceptions, if filed after the term, was filed within the time fixed for filing the same. Notwithstanding these infirmities in the brief, we have examined what purports to be the evidence as it appears in appellant's brief and, after hearing an oral argument based thereon, we have no hesitation to say that a right result was reached. The judgment is affirmed.